IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

ALONZO JOHNSON and JESSIE M. )
JOHNSON, )
)
Plaintiffs, )
)
v. ) CIVIL ACTION NO. CV112-003
)
UNITED STATES OF AMERICA, )
)
Defendant. )

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677
AS TO JESSIE M. JOHNSON**

It is hereby stipulated by and between the undersigned Plaintiff (meaning any person, other than Defendant, signing this agreement, whether or not a party to this civil action), and the United States of America, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. The United States of America agrees to pay the sum of **$50,000.00**, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all

known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiff or her guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees arising directly or indirectly from the acts and/or omission giving rise to the above-captioned action.

3. Plaintiff and her guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees arising out of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and her guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiffs or their guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4. This Stipulation for Compromise Settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by Plaintiff will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

7. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. In the event any plaintiff is a minor or a legally incompetent adult, Plaintiff must obtain Court approval of the settlement at her expense. Plaintiff agrees to obtain such approval in a timely manner: time being of the essence. Plaintiff further agrees that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event Plaintiff fails to obtain such Court approval, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

8. Payment of the settlement amount will be made by government wire transfer as

per the following:

   A.  Name of Bank:
   B.  Street Address of Bank:
   C.  City, State and Zip Code of Bank:
   D.  Federal Reserve Number:
   E.  Routing Number:
   F.  Name of Account:
   G.  Account Number:

Plaintiff's attorney agrees to distribute the settlement proceeds to Plaintiff, and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

9. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

10. The parties understand that Plaintiff is or may be entitled to other benefits from the United States and any of its agencies.  This Stipulation does not affect Plaintiff's eligibility for any such benefits.  Plaintiff's eligibility for any such benefits depends on the statutes and regulations governing the relevant programs and this Stipulation does not impact Plaintiff's eligibility or act as an offset for any such benefits.

11. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party.  All such counterparts and signature pages, together, shall be deemed to be one document.

[SIGNATURES ON FOLLOWING PAGE]

Executed this 21st day of August, 2012.

JAMES D. DURHAM
ACTING UNITED STATES ATTORNEY

_____
Kenneth D. Crowder
Assistant United States Attorney
**ATTORNEY FOR DEFENDANT**

Executed this 23rd day of August, 2012.

_____
Thomas W. Tucker
**ATTORNEY FOR PLAINTIFF**

_____
Jessie M. Johnson
**PLAINTIFF**